UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| HAROLD PETTIT, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO.:2:13-CV-253-WCL-JEM |
| | ) |
| UNITED STATES OF AMERICA, | ) |
|     Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Extend all Discovery Deadlines to July 31, 2014 [DE 30], filed by Plaintiff on June 19, 2014. Plaintiff requests an extension of the fact discovery deadline. On July 7, 2014, the Government filed a response, objecting to the extension of the deadline. On July 8, 2014, Plaintiff filed a reply. On July 22, 2014, a hearing was held on the matter. The parties agreed to continue the matter, and a second hearing was set for August 18, 2014. On August 18, 2014, a hearing was held at which arguments for the Motion were heard.

**ANALYSIS**

Federal Rules of Civil Procedure require a party seeking to modify a scheduling order to show good cause to do so. Fed. R. Civ. P. 16(b)(4). The "good cause" standard is mainly concerned with "the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). Because a denial of the requested extension would effectively limit Plaintiff's discovery, Federal Rule of Civil Procedure 26 is also instructive. It provides, in relevant part, that the Court:

> must limit the frequency or extent of discovery otherwise allowed . . . if it determines that (i) the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking the discovery has had ample opportunity to obtain the information by discovery in the action; or

> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, . . . the importance of the issues at stake in the action, and the importance of the discovery in resolving the issue.

Fed. R. Civ. P. 26(b)(2)(C).

The scheduling order in this case set a June 30, 2014, deadline for the completion of fact discovery. Knowing that he intended to serve supplemental interrogatories on the Government near that deadline, and knowing that the Government's response would not be due until after the deadline, Plaintiff filed the instant Motion on June 19, 2014. On June 22, 2014, Plaintiff served interrogatories seeking information about the Government's compliance with Veterans Health Administration (VHA) Directive 2008-002. Plaintiff also served the Government with a set of requests for admissions on July 1, 2014.

The Government first argues that Plaintiff had no reason to wait until just before the existing deadline to serve the interrogatories and that the interrogatories are irrelevant to the issues of liability and damages in this case. Plaintiff states that his interrogatories were served close to the non-expert discovery deadline because he only became aware of VHA Directive 2008-002 after June 11, 2014, when he received a privilege log of documents withheld by the Government. On that log, the Government indicated that it was withholding a document titled "Report of an Adverse Event" pursuant to the Veterans Administration medical quality-assurance privilege created by 38 U.S.C. § 5705. Counsel for Plaintiff stated at the hearing that when he performed an Internet search of the term "adverse event," he discovered VHA Directive 2008-002, which provides that "VHA providers have an ethical and legal obligation to disclose to patients adverse events that have been sustained in the course of their care, including cases where the adverse events may not be obvious or severe,

or where the harm may only be evident in the future." VHA Directive 2008-002 (January 18, 2008). Plaintiff's interrogatories ask: (1) whether the Government complied with the Directive; (2) if not, why not; (3) if so, how, by whom, and to whom was the adverse event communicated; and (4) whether the Government documented the disclosure of the adverse event in the Computerized Patient Record System as required by the Directive. Resp. Exh. 1. Plaintiff stated at the August 18, 2014, hearing that the answers to his interrogatories are relevant because they may lead to the discovery of other evidence, although Plaintiff did not state explicitly what evidence he hopes to uncover. Counsel for the Government stated at the hearing that Plaintiff's son testified at his deposition that he was, in fact, informed of the adverse event at issue in this case. Counsel for the Government also represented that the burden of responding to the interrogatories would be much greater than counsel for Plaintiff might suggest.

Plaintiff states that his requests for admissions were made "for the purpose simplifying evidence admissibility at the bench trial." Reply 2. The requests for admissions appear to be aimed at establishing the admissibility of Plaintiff's medical records at trial. Plaintiff gives no reason for the lateness of his requests for admissions. Counsel for the Government stated at the hearing that he did not intend to challenge the admissibility—with the possible exception of their relevance—of any of the medical records about which the requests for admissions were made.

The Court finds that there is no good cause to extend the discovery deadline. Plaintiff has not shown that he was diligent in pursuing these lines of discovery before the close of discovery. Plaintiff could have researched relevant VHA directives, including VHA Directive 2008-002, and served the interrogatories earlier. Plaintiff also provided no reason the requests for admissions could not have been served earlier. Additionally, most of the information sought in the interrogatories was

3

already received from Plaintiff's son in his deposition, "a more convenient, less burdensome, or less expensive" source, and as noted above, counsel for Plaintiff had "ample opportunity to obtain the information" earlier in the discovery process. Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii). Finally, the Court finds that "the burden or expense of the proposed discovery outweighs its likely benefit," especially because the information in the interrogatories is only tangentially related to the issues of liability and damages in the case. Fed. R. Civ. P. 26(b)(2)(C)(iii).

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiff's Motion to Extend all Discovery Deadlines to July 31, 2014 [DE 30].

SO ORDERED this 22nd day of August, 2014.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record