UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| HAROLD PETTIT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 2:13cv253 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the court on a "Motion to Require United States of America to Pay Entire Mediation Fee", filed by the plaintiff, Harold Pettit ("Pettit"), on January 19, 2015. The United States of America ("Government") filed its response on February 5, 2015, to which Pettit replied on February 8, 2015.

Also before the court is a "Motion for Sanctions", filed by Pettit on April 12, 2015. Pettit then filed a supplemental brief on April 16, 2015. The Government responded to the motion on May 13, 2015, to which Pettit replied on May 17, 2015.

For the following reasons, the motion to require the Government to pay mediation fees will be denied and the motion for sanctions will be granted.

## Discussion

This case arises under the Federal Tort Claims Act ("FTCA"), as a result of Pettit's fall at the Jesse Brown Veterans Affairs Medical Center (JBVAMC) in Chicago in July 2012.

A private mediation was held on October 30, 2014, with Gerald M. Bishop serving as mediator. Pettit asserts in his motion that "The VA continued their pre-mediation settlement amount during the limited mediation session. This amount is less than a standing alone,

reasonable pain and suffering amount, given the undisputed facts of this case." Pettit seeks an order requiring the Government to pay the full amount of the mediation charges of $1,062.50. The mediator has billed each party $531.25.

In response, the Government states that it never submitted a specific settlement offer to Pettit before the mediation session, preferring instead to do so in the context of the mediation conference. The Government further states that no settlement offer was ever proffered to Pettit because his representatives informed the Government (through the mediator) that they would not even consider an offer that was less than six figures.

In reply, Pettit recites his version of the facts, which the Government contests, and states that it was not unreasonable for Pettit to state six figures as an acceptable settlement amount.

While it is understandable that Pettit is unhappy with the result of the mediation, there is no authority to support the notion that a party is relieved of the duty to pay his share of the mediation costs simply because they believe the other side should have offered more money. Although Pettit believes the facts are undisputed and that they point directly to negligence on the part of the VA hospital, the Government is entitled to stick to its version of the facts if it so wishes. Accordingly, Pettit's motion to require the Government pay the entire mediation fee will be denied.

The court will now address Pettit's motion for sanctions. In this motion, Pettit relates that at a March 31, 2015 judicial settlement conference, the Government asserted that "among other things, our settlement position is based on the expert report and expert opinions of Karen J. Krooswyk, MSN, ARNP, ANP-BC, and Patrick J. Barrett, M.D." Dr. Barrett was one of Pettit's treating physicians at the VA hospital. Pettit alleges that the Government engaged in an *ex parte*

2

interview with Dr. Barrett, and obtained an opinion about Pettit's damages that is adverse to Pettit's position in this case. Pettit argues that the *ex parte* interview is contrary to the substantive law of Illinois and subject to sanction, pursuant to the *Petrillo* doctrine. *Petrillo v. Syntex Labs, Inc.* 499 N.E.2d 952, 957 (1986). Indiana law does not have a rule prohibiting *ex parte* communication with plaintiff's treating physicians who are not themselves alleged to have engaged in malpractice. Pettit requests that Dr. Barrett be precluded from testifying in any capacity, or at least excluded from testifying about or pertaining to Pettit's requirement for total care in a nursing home environment. Pettit also seeks costs and fees for the motion for sanctions.

Pettit's motion raises the question of whether Illinois or Indiana law applies to this case. The parties agree that the alleged negligence and injury occurred in Illinois, during Pettit's stay at the VA hospital in Chicago. The parties also agree that Illinois choice of law principles determine whether Illinois or Indiana law applies to this case.

Pettit argues that, pursuant to the FTCA, this court should apply Illinois law because the tort and injury occurred in Illinois. Pettit relies primarily on *Townsend v. Sears, Roebuck & Co.*, 879 N.E.2d 893, 898 (2007) and *Richards v. United States*, 369 U.S. 1, 11 (1962). *Townsend* is not an FTCA case, but generally holds that Illinois looks to the Second Restatement of Conflict of Laws, and considers the usual contacts such as the place where the injury occurred, the domicile of the parties, and the place where the relationship between the parties is centered.. The law is clear that the FTCA provides that the law of the state where the act or omission occurred determines the liability of the United States. 28 U.S.C. § 1346(b). *Richards* holds that the "law of the state" is the whole law, including the state's choice of law rules.

The Government argues that Illinois' choice of law principles require this court to apply

3

Indiana's substantive tort law to this case. The Government emphasizes that Pettit is a resident of Indiana and generally sought medical care at the Indiana VA Clinic. The Indiana VA Clinic sent Pettit to the Chicago VA hospital, via ambulance. From this, the Government concludes that the parties' relationship was centered in Indiana. While Pettit's relationship with the Indiana VA Clinic was centered in Indiana, it is clear that Pettit's relationship with the Chicago VA hospital was centered in Chicago. The court finds the fact that Pettit lived in Indiana and normally visited the Indiana VA Clinic to be insignificant contacts which do not overcome the presumption that the law of the state where the tort occurred (Illinois) should apply. The court also notes that this case has progressed thus far as an Illinois case, not an Indiana case. That is, Indiana requires a medical panel review, and there is no evidence or argument that a medical panel review was conducted. Illinois requires an expert merit opinion, which was given. This bolsters the court's conclusion that Illinois law applies to this case.

Accordingly, Pettit's motion for sanctions will be granted. Pettit has asked that Dr. Barrett not be permitted to testify at all. This court considers the more appropriately tailored sanction to be one that simply restricts Dr. Barrett's testimony such that he will not be permitted to testify in any way about Pettit's requirement for total care in a nursing home environment. The court will also grant Pettit's request for costs and fees incurred in bringing the motion for sanctions.

<u>Conclusion</u>

Based on the foregoing, Pettit's motion to require the Government to pay mediation fees

[DE 61] is hereby DENIED.  Further, Pettit's motion for sanctions [DE 72] is hereby GRANTED.

Entered: June 8, 2015.

                                                    s/ William C. Lee
                                                    William C. Lee, Judge
                                                    United States District Court