UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| HAROLD PETTIT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 2:13cv253 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on a "Motion to Quash Plaintiff's Reconsideration Fee Petition", filed by the United States of America on September 18, 2015. The plaintiff, Harold Pettit ("Pettit"), filed his response on September 24, 2015, to which the United States replied on October 9, 2015.

For the following reasons, the motion will be granted.

Discussion

On June 26, 2015, the Government filed a motion for reconsideration of the Court's opinion and order entered June 8, 2015. By Order dated August 31, 2015 (Reconsideration Order), this Court granted the motion for reconsideration. On September 1, 2015, Pettit's counsel submitted to the Government a "Reconsideration Fee Petition" seeking attorney's fees at the proposed rate of $390 per hour for the 7.7 hours that Pettit's counsel spent drafting an opposition brief to the motion to reconsider.

In the Reconsideration Order, this Court found that "Government counsel's lack of diligence created the need for the motion to reconsider." The Government acknowledges this, but argues that "[t]here is no authority under the [Federal Rules of Civil Procedure] or under the

inherent powers of a court to award attorney's fees for mere negligence" or lack of diligence. *Maynard v. Nygren*, 332 F.3d 462, 466-67, 470, 471 (7th Cir. 2003). The Government further contends that, a court's considerations of "fairness" is "'not a grant of authority to do good to rectify shortcomings of the common law . . . or undermine the American rule on the award of attorneys' fees to the prevailing party in the absence of statute.'" *Tucker v. Williams*, 682 F.3rd 654, 662 (7th Cir. 2012) (original ellipses) (citation omitted).

"The American Rule is generally that prevailing parties are not entitled to [attorney's] fees, even where a full adjudication on the merits has taken place." *Maynard v. Nygren*, 332 F.3rd 462, 471 (7th Cir. 2003) (original emphasis); *see Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980); *Tucker v. Williams*, 682 F.3rd 654, 662 (7th Cir. 2012) (citation omitted). A court only may override the American Rule and impose attorney's fees as a sanction on a specific finding of bad faith after "fair notice and an opportunity for a hearing on the record." *Roadway Express, Inc.*, 447 U.S. at 766-67; *see Tucker*, 682 F.3rd at 661-62 (citations omitted).

In *Tucker v. Williams*, 682 F.3rd 654 (7th Cir. 2012), the district court entered sanctions against defendant "in the amount of $3,000 for the time Tucker's attorney's spent responding to William's motion for leave to file a supplemental motion for summary judgment and the actual supplemental motion for summary judgment." *Id*. at 661. "In support of the sanction, the district court stated that Williams' briefing on the post-seizure due process issue was 'inadequate'; and that litigation should not be 'conducted piecemeal. . . .'" *Id*. "The district court then determined that, in 'fairness to' Tucker sanctions were proper in the exercise of the court's 'inherent authority.'" *Id*. The Seventh Circuit reversed the award of attorney's fees as a sanction, explaining that:

2

> The district court's and Tucker's frustration may be understandable but by upholding this sanction—without a finding of bad faith—we would be imposing a level of foresight and efficiency that is simply unattainable in litigation. Efficiency, unfortunately, has never been an earmark of litigation. Lawyering must be in good faith; it need not be omniscient. The district court's award of attorney's fees was an abuse of its discretion, and we reverse that ruling.

*Id.* at 662.

Similarly, in *Maynard v. Nygren*, 332 F.3rd 462 (7th Cir. 2003), plaintiff failed to produce during discovery an important medical record that cast doubt on plaintiff's claims. *Id*. at 465-66. The district court granted defendant's motion for sanctions for failing to produce the document "because the judge felt that the situation could have been avoided had counsel been more careful with the discovery documents or more diligent investigating their client's testimony." *Id*. at 466-67. The Seventh Circuit reversed, observing that "[t]he district judge's finding of no willfulness also precludes any sanction. . . ." *Id*. at 470. The Court held that "the assessment of fees against counsel under the inherent powers of the court is permitted only when there is a finding of willful disobedience or bad faith. . . ." *Id*. (citations omitted). The Court concluded that "[t]here is no authority under the [Federal Rules of Civil Procedure] or under the inherent powers of the court to sanction attorneys for mere negligence, and so sanctions must be reversed. . . ." *Id*. at 470, 471.

In the present case, as in *Tucker* and *Maynard*, this court held only that the Government's lack of diligence created the need for the additional proceedings. In this case, as in *Tucker* and *Maynard*, this court did not find willfulness or bad faith. In both *Tucker* and *Maynard* the Seventh Circuit held that sanctions are not warranted based on a finding of negligence or a lack of diligence. Thus the Government argues that no fees are warranted in this case as a sanction

3

for Government counsel's lack of diligence which created the need for the motion to reconsider.

Pettit urges this court to use its inherent authority to sanction pursuant to 28 U.S.C. § 1927, claiming that the Government's conduct was "objectively unreasonable" because counsel for the Government exhibited "unreasonable overconfidence" which led to the lack of diligence, which in turn led to the motion to reconsider. However, as the Government notes, none of the cases cited by Pettit supports his argument that overlooking an argument in an opposition brief (which Pettit also overlooked) and then correcting the error in a subsequent filing, constitutes "reckless," "indifferent," and "vexatious" conduct, as required by the statute. This is especially true because the reconsideration brief for which Pettit seeks sanctions presented meritorious legal arguments that were accepted by the Court.

Accordingly, the motion to quash will be granted.

## Conclusion

On the basis of the foregoing, the Government's motion to quash [DE 94] is hereby GRANTED.

Entered: November 30, 2015

s/ William C. Lee  
William C. Lee, Judge  
United States District Court