UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

HAROLD PETTIT, by JACK PETTIT,  )
Administrator,                                           )
                                                                    )
    Plaintiff,                                              )
                                                                    )
  v.                                                             )    CIVIL NO. 2:13cv253
                                                                    )
UNITED STATES OF AMERICA,               )
                                                                    )
    Defendant.                                          )

OPINION AND ORDER

This matter is before the court on a "Motion of Defendant United States of America for an Order Designating Hammond, Indiana as the Location for the Trial of this Case", filed on January 18, 2016. The Plaintiff, Harold Pettit, by Jack Pettit, Administrator ("Pettit"), filed his response on January 21, 2016, to which the Government replied on February 1, 2016.

For the following reasons, the motion will be granted.

Discussion

On December 16, 2015, this court held a telephonic status conference in this case, which appeared to be ready to set for trial. This case was filed in Hammond, then randomly reassigned to the undersigned in Fort Wayne, through the usual assignment process. When cases originally filed in either Hammond or South Bend are ready to be scheduled for trial, it is the custom of the undersigned to inquire of the parties whether it is more convenient to try the case in the division in which it was filed. In this case, the Government indicated that it would be more convenient to try the case in Hammond. However, Pettit objected to having the case tried in Hammond, even though he originally filed the case in Hammond. The court ordered the parties to brief the issue. The briefing is now completed.

Both the Government and Pettit have briefed the issue of change of venue. However, venue is not the issue. This case was filed in the Hammond Division and is currently pending in Hammond. But, due to court administrative practices, the case was assigned to a Fort Wayne judge, in the Fort Wayne Division. Thus, the case may be tried in either division without invoking any of the venue rules. Likewise, any judge in the district may try the case. This court requested briefing on the issue of where to try the case in order to correctly determine the only issue in this case: where is it more convenient to try the case?

The Government contends that it is more convenient for the parties and witnesses to try the case in Hammond. One fact witness that defendant will call at trial is Patrick J. Barrett, M.D., a staff physician at the Chicago VA Hospital. Dr. Barrett, the rehabilitation physician who personally treated plaintiff during part of the time he was hospitalized at the Chicago VA Hospital, will provide testimony related to damages issues. Dr. Barrett lives and works in Chicago, and does not own any vehicle. He could travel the 23 miles from his workplace to the federal courthouse in Hammond on the South Shore train. The Government contends, however, that requiring Dr. Barrett to undertake the 210 mile trip from his workplace to the federal courthouse in Fort Wayne would be a substantial hardship because it would take him away from his patient care duties for an extended time period.

The Government also points out that Pettit deposed four nurses directly involved in Pettit's care at the Chicago VA Hospital. Depending on the evidence that Pettit adduces during trial, the Government believes it may need to present live testimony from one or more of those witnesses. The potential nurse witnesses work at the same location as Dr. Barrett. Hence, a similar hardship would occur if they were taken away from their patient care duties for an extended period to travel 210 miles to the federal courthouse in Fort Wayne rather than 23 miles to the federal courthouse in

Hammond. The Government further contends that the only two fact witnesses that Pettit will call for live testimony reside in Lowell, Indiana, which is 28 miles from the federal courthouse in Hammond and 133 miles from the federal courthouse in Fort Wayne.

Pettit claims that his choice of an expert nursing witness, Carol White, R.N., "was premised upon the bench rial being conducted in the Fort Wayne Division", as Nurse White resides in Huntington, Indiana. The Government informs the court that Pettit's claim is false, as Nurse White's initial expert report was attached to Pettit's complaint, demonstrating that Nurse White was hired before Pettit filed this case and, obviously, before the case was assigned to a Fort Wayne judicial officer. In any event, the convenience of a paid expert witness pales when compared to the convenience of fact witnesses.

Thus, in sum, it is clear that it is more convenient to try this case in the Hammond Division, where it was originally filed. Therefore, the court will direct the Clerk of the Court to reassign this case to a judicial officer within the Hammond Division.

<u>Conclusion</u>

On the basis of the foregoing, the Government's motion for an order designating Hammond, Indiana as the location for the trial of this case [DE 106] is hereby GRANTED. The Clerk of the Court is directed to REASSIGN this case to a district judge in the Hammond Division within the Northern District of Indiana.

Entered: February 22, 2016.

s/ William C. Lee
William C. Lee, Judge
United States District Court